**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

No. 9:09-CR-31

United States of America

v.

Adan Guzman-Palacios

                                                Defendant

**Report and Recommendation Re: Petition for Warrant
or Summons for Offender Under Supervision**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed February 10, 2011 alleging that Defendant, Adan Guzman-Palacios, violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. The Original Conviction and Sentence

Defendant was sentenced on April 9, 2010 before The Honorable Ron Clark, United States District Judge of the Eastern District of Texas, after pleading guilty to the offense of reentry of a deported alien, a Class E felony. The offenses carried a statutory maximum imprisonment term of 2 years' imprisonment. The guideline imprisonment range, based on a total offense level of 6 and a criminal history category of III, was 2 to 8 months. Defendant was sentenced to 8 months' imprisonment, which was followed by a one-year term of Supervised Release, subject to the standard conditions of release, plus special conditions that immediately upon release from confinement, the defendant was to be surrendered to a duly authorized immigration official for deportation proceedings. If ordered deported, defendant was to remain outside the United States. In the event the defendant was not deported, or for any reason re-entered the country after having been deported, the defendant was to comply with all conditions of supervised release, to include reporting to the nearest U.S. Probation Office within 72 hours of release by immigration officials or re-entry into the country.

## II. The Period of Supervision

On June 8, 2011, Adan Guzman-Palacios completed his period of imprisonment, and on or about June 8, 1010, he was deported to Mexico.

## III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on February 10, 2011. The petition alleges that defendant violated the following conditions of release:

| | | |
|---|---|---|
| 1. Mandatory Condition: | | Defendant shall not commit another federal, state, or local crime. |
| 2. Standard Condition: | | Defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month. |
| 3. Special Condition: | | As a condition of supervised release, immediately upon release from confinement, Defendant shall surrender to a duly authorized immigration official for deportation proceedings in accordance with established procedures provided by the Immigration and Nationality Act, 8 U.S.C. § 1101, et seq. If ordered deported, Defendant shall remain outside of the United States. In the event Defendant is not deported, or for any reason re-enters the country after having been deported, the defendant shall comply with all conditions of supervised release. |

The petition alleges that on or about June 8, 2010, Mr. Guzman-Palacios was deported from the United States, and that on December 1, 2011 he was found to be knowingly and unlawfully present in the United States. There is no record of Mr. Guzman-Palacios reporting to the U.S. Probation Office as directed by the Court, or that he submitted a truthful and complete written report within the first five days of each month.

## IV. Proceedings

On September 30, 2011, United States Magistrate Judge Zack Hawthorn convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition. Defendant pled "true" to the Government's second

allegation that he violated conditions of standard supervised release, to wit: "Defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month." Further, the parties agreed the court should revoke defendant's supervised release and impose a sentence of 6 months' imprisonment, with no term of supervised release thereafter.

## V.  Principles of Analysis

If the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, it may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision.  18 U.S.C. § 3583(e)(3).

According to U.S.S.G. 7B1.1(a), if the Court finds by a preponderance of the evidence that Defendant violated conditions of supervision by illegally reentering the United States after being deported or removed, failing to report to the U.S. Probation Office, and failing to surrender to the immigration authority, Adan Guzman-Palacios will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.  U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of III, the guideline imprisonment range is 5 to 11 months.

In determining Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

Defendant pled "true" to the Government's second allegation that he violated a court-ordered condition of supervised release by failing to report to his probation officer as directed by the Court or probation officer, and failed to submit a truthful and complete written report within the first five days of each month. Based upon defendant's plea of "true" to the second allegation of the Government's Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that defendant violated conditions of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). Defendant's violation is a Grade C violation, and defendant's criminal history category is III. Policy guidelines suggest 5-11 months' imprisonment. Defendant did not comply

with the conditions of his supervision, and has demonstrated an inability to adhere to conditions of supervision. As such, incarceration appropriately addresses defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a term of incarceration.

## VII. Recommendations

1. The court should find that defendant violated a standard condition of supervised release by failing to report to his probation officer as directed by the Court or probation officer, and failing to submit a truthful and complete written report within the first five days of each month;

2. The petition should be granted and defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3565;

3. Defendant should be sentenced to a term of imprisonment of six (6) months; and

5. Upon release of imprisonment, defendant should not be placed on supervised release.

## VIII. Objections

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 5th day of October, 2011.

_____
Zack Hawthorn
United States Magistrate Judge